# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE EDWARD JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. WILSON, *et. al.*,<br><br>　　　　Defendants. | Case No. 1:16-CV-00710-LJO-SAB<br><br>SCREENING ORDER<br><br>(ECF No. 1) |

### PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

　　Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## I.     Screening Requirement and Standard

Plaintiff Vance Edward Johnson ("Plaintiff") is a California state prisoner proceeding *pro se* and *in forma pauperis*[1] in this civil rights action under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. *See* ECF No. 1. Plaintiff's complaint, filed on May 20, 2016, is currently before the Court[2] for screening. *See id.*

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is legally "frivolous or malicious," if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) & (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. Thus, the critical inquiry is whether a constitutional claim, however unartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

As a *pro se* litigant, Plaintiff is entitled to have his pleadings liberally construed and to have any doubt resolved in his favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations

---

[1] *See* ECF No. 2.

[2] Plaintiff declined the jurisdiction of the Magistrate Judge previously assigned to his case. ECF No. 8.

2

omitted). Nevertheless, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that his complaint contain "a short and plain statement of the claim showing that [he] is entitled to relief." Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court reasonably to infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Id.*

If the Court determines that the complaint may be cured by amendment, the Court will grant Plaintiff leave to amend and provide him with notice of the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). The Court will deny leave to amend if "it is absolutely clear" that amendment of a claim would be futile. *See id.*

## II. Plaintiff's Allegations and Requested Relief

Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP"), in Coalinga, California, where the events alleged in the complaint occurred. *See* ECF No. 1. Plaintiff names the following Defendants: M. Wilson, correctional lieutenant; White, a receiving and release corrections officer; and Carr, a receiving and release correctional sergeant (collectively, "Defendants"). *See id.* at 5.[3] Plaintiff's allegations, which claim violations of his First, Fifth, and Fourteenth Amendment rights, are as follows:

On February 12, 2013, White wrongfully confiscated, destroyed, and disposed of Plaintiff's CDs and JWIN radio. *Id.* Plaintiff subsequently filed two inmate appeals against White, after which White retaliated against Plaintiff by confiscating Plaintiff's books (which Plaintiff claims were assisting his "legal settlement negotiations") and more CDs on March 19, 2014. *Id.* at 5-6.

---
[3] Pincites refer to CM/ECF pagination located at the top of each page.

3

Plaintiff alleges that Carr "obstructed justice" while conducting first-level reviews of Plaintiff's inmate appeals against White on May 29, 2014, and June 6, 2013. *Id.* at 6. Carr, who was a supervisor, "condoned White's malfeasance, retaliatory conduct, and the actions of [White]'s wrongful confiscation, destruction, and trashing of [Plaintiff's property]" and made false statements in collusion with both White and Wilson to "gloss over and circumvent [Plaintiff]'s appeal efforts." *Id.*

Plaintiff alleges that White "obstructed justice" by engaging in a conspiracy with Wilson, at the second level review of one of Plaintiff's appeals against White. *Id.* White, in an attempt to "cover up," filed a request to the Sacramento office of the California Department of Corrections and Rehabilitation ("CDCR"), to place Plaintiff's books (which he had allegedly already confiscated from Plaintiff) on the Disapproval List. *Id.* The Sacramento officials denied White's request on April 10, 2014, stating that the books had already been approved at PVSP before March 19, 2014. *Id.* On October 8, 2014, Wilson conducted a second-level review of Sacramento CDCR official's decision to deny White's request to put Plaintiff's books on the Disapproval List. *Id.* In collusion with White, Wilson determined that Plaintiff's books were approved on April 10, 2014, reversing the decision of the Sacramento official finding that the books had been approved before March 19, 2014.

Based on the foregoing, Plaintiff requests that White pay him $35.00 in compensatory damages and $35.00 in punitive damages and to replace his JWIN CD-Cassette-Radio and books (the Art of Seduction and 48 Laws of Power); that Wilson pay him $35.00 in compensatory damages and $35.00 in punitive damages; and that Carr pay him $20.00 in compensatory damages and $20.00 in punitive damages. *Id.* at 7.[4]

**III.   Analysis**

    **a. Government Defendants**

All three Defendants in this case are government employees, as they work for the CDCR. However, insofar as Plaintiff seeks damages against Defendants in their official capacities, he may

---

[4] Plaintiff additionally requests that all Defendants be dismissed from CDCR employment. However, the Court has no jurisdiction to entertain such a request.

4

not do so. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Therefore, Plaintiff may not state claims against Defendants in their official capacities. *See id.*; *see also Holt v. California Dept. of Corrections Medical Dept.*, No. 1:10-cv-00496-SKO PC, 2010 WL 4716761, at *2 (E.D. Cal. Nov. 12, 2010) (dismissing a claim against the CDCR Medical Department because "[t]he [CDCR] is an agency entitled to Eleventh Amendment immunity; any claims against it are barred by the Eleventh Amendment."). Accordingly, the Court will assume that Plaintiff seeks relief against Defendants in their individual capacities.

### b. 42 U.S.C. § 1983

Plaintiff's allegations against Defendants seek to invoke the Civil Rights Act, codified at 42 U.S.C. § 1983. The Civil Rights Act provides, in relevant part:

> Every person who, under color of [state law] … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution … shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

### i. Fourteenth Amendment – Due Process

As described above, Plaintiff has alleged that White wrongfully seized and destroyed his personal property, and that Carr and Wilson were complicit in the deprivation of his personal property. ECF No. 1 at 5-6. The Court finds that these allegations attempt to state a violation of the Due Process Clause of the Fourteenth Amendment[5], which protects prisoners from being deprived of their property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). Although an authorized, intentional deprivation of property is actionable under

---

[5] Although Plaintiff cited the Fifth Amendment in the Complaint, allegations of a private property deprivation in the state prison context sound in the Fourteenth Amendment, not the Fifth Amendment. *See, e.g.*, *Estrada v. Grannis*, No. 1:09-cv-01079-AWI-GBC PC, 2010 WL 5394750, at *2-3 (E.D. Cal. Dec. 22, 2010).

the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 617m 532 n. 13 (1984), neither negligent nor unauthorized deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. Where the state provides a meaningful post-deprivation remedy (e.g., as in California, a common law state tort action against a correctional employee in his personal capacity), only authorized, intentional deprivations of property by employees in their official capacities constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

California law provides a post-deprivation remedy for any property deprivations. *See* Cal. Gov't Code. §§ 810-895; *Barnett v. Centoni*, 32 F.3d 813, 816-17 (9th Cir. 1994). The California Government Claims Act requires that a tort claim against a public employee be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings Cty (Bodde)*, 90 P.3d 116, 124 (2004); *Mangold v. Cal. Pub. Utils. Comm'n.*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 90 P.3d at 121; *Mangold*, 67 F.3d at 1477.

Here, because there is no indication in the Complaint that Plaintiff's property was taken because of an established state procedure, Plaintiff's allegations can only be construed as an unauthorized intentional deprivation. These types of actions only constitute a violation of due process if a meaningful post-deprivation remedy for Plaintiff's loss is unavailable. *Hudson*, 468 U.S. at 533. The Government Claims Act provides such a remedy for Plaintiff. *See Barnett*, 32 F.3d at 816-17.

For these reasons, the Court finds that Plaintiff has failed to state a cognizable claim against any of the Defendants under Due Process Clause of the Fourteenth Amendment. Furthermore, since

6

it is obvious that Plaintiff cannot prevail on the facts he has alleged under the Fourteenth Amendment, it would be futile to give him an opportunity to amend this allegation. *See Lopez v. Smith*, 203 F.3d 1122, 1128-30 (9th Cir. 2000).

### ii. First Amendment – Retaliation

Plaintiff further alleges that White confiscated his books to retaliate against him for filing two inmate appeals against White, and that Wilson and Carr colluded with White in this retaliation, in violation of the First Amendment. ECF No. 1 at 5-6.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). To state a viable First Amendment retaliation in the prison context, a plaintiff must allege: (1) an assertion that a state actor took some adverse action against him; (2) because of (3) his protected conduct, and that such action (4) chilled his exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Construing Plaintiff's allegations liberally, *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007), the Court finds that Plaintiff states a cognizable claim for First Amendment retaliation against all Defendants. Plaintiff's filing of grievances against White is a protected action under the First Amendment. *Watison*, 668 F.3d at 1115. White's confiscation of Plaintiff's personal property, and Wilson and Carr's collusion with White to circumvent Plaintiff's grievances against White constitute adverse actions against Plaintiff. *See Hardy v. 3 Unknown Agents*, 690 F. Supp. 2d. 1074, 1103 (C.D. Cal. 2010) (citing *Pinard v. Clatskanie School Dist.*, 467 F.3d 755, 770 (9th Cir. 2006) for the proposition that "[a]dverse action is action that 'would chill a person of ordinary firmness' from engaging in that activity.'"). Furthermore, at this stage of the proceedings, the Court must accept as true Plaintiff's allegations that Defendants took these actions because of his attempt to exercise his First Amendment rights, and therefore lacked a legitimate correctional goal. *See Watison*, 668 F.3d at 1114-15. Because Defendants' actions "would chill a person of ordinary firmness" from engaging in the exercise of his First Amendment rights, the Court will permit Plaintiff to proceed with this claim.

7

### iii. Conspiracy

Plaintiff has also alleged a conspiracy between all three Defendants. ECF No. 1 at 5-6.

To state a conspiracy claim under § 1983, a plaintiff must allege, first, that defendants reached an agreement or a meeting of the minds to violate his constitutional rights, and second, that they took some concerted action in furtherance thereof. *Crowe v. Cty of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010). Although each of the defendants does not need to know the exact details of the plan, each defendant must share the "common objective of the conspiracy." *Id.* (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989)).

Here, while inartfully pleaded, the Complaint appears to allege the existence of an agreement among White, Carr, and Wilson, which had the objective of thwarting the inmate grievances Plaintiff filed against White. ECF No. 1 at 5-6. Plaintiff alleged that Carr "condoned White's malfeasance, retaliatory conduct, and actions [in confiscating and destroying Plaintiff's property." *Id.* at 6. Furthermore, Plaintiff alleged that White colluded with Wilson, as Wilson conducted the second-level review of the order from CDCR's Sacramento office that had denied Wilson's request to place Plaintiff's books on the Disapproved List. *Id.* Ultimately, taking Plaintiff's allegations as true, it appears that Defendants' actions resulted in both the confiscation and destruction of Plaintiff's books, CDs, and JWIN radio, and the denial of three of his inmate grievances. *Id.* Therefore, the Court will permit Plaintiff to proceed on this claim.

**Conclusion and Orders**

The Court finds that the Complaint states cognizable claims against all Defendants for a violation of Plaintiff's First Amendment right to file grievances against prison officials and to be free from retaliation for doing so, and for a conspiracy under § 1983.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Fourteenth Amendment Due Process Claim be **DISMISSED WITHOUT LEAVE TO AMEND**;
2. By no later than **October 25, 2016**, Plaintiff is required to file a written response to the Court's notifying the Court that he is willing to proceed only on the claims found cognizable in this Order, for First Amendment Retaliation and § 1983 Conspiracy;

3. Plaintiff's failure to comply with this Order will result in the dismissal of this case for failing to comply with a Court order and failure to prosecute. The Court also cautions Plaintiff that failure to comply with the Federal Rules of Civil Procedure, this Court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

IT IS SO ORDERED.

Dated:  **September 21, 2016**        /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE

4.