**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VINCE EDWARD JOHNSON, | Case No.: 1:16-cv-00710-LJO-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS BE DENIED |
| C.O. WHITE, et al., | |
| Defendants. | [ECF No. 17] |

Plaintiff Vince Edward Johnson is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to revoke Plaintiff's in forma pauperis status, filed February 2, 2017.

**I.**

**RELEVANT HISTORY**

This action is proceeding for retaliation and conspiracy against Defendants White, Wilson and Carr.

As previously stated on February 2, 2017, Defendants filed a motion to revoke Plaintiff's in forma pauperis status.  Plaintiff requested and received two extensions of time to file an opposition; however, no opposition has been filed and the deadline to do so has expired.  Accordingly, pursuant to Local Rule 230(l), the motion is deemed submitted for review without oral argument.

1

## II.

## DISCUSSION

Defendants contend that prior to filing this action, Plaintiff brought three actions while incarcerated that were dismissed for failing to state a claim upon which relief may be granted, and Defendant requests that Plaintiff's in forma pauperis status be revoked and he be required to pay the $400.00 filing fee.

### A.       Legal Standard

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).  28 U.S.C. § 1915(g) provides that "[I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  "[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute . . . lead[s] to absurd or impracticable consequences." Seattle-First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted).

In Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005), the Ninth Circuit explained, "The PLRA does not define the terms 'frivolous,' or 'malicious,' nor does it define dismissals for failure to 'state a claim upon which relief could be granted'… We have held that the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6)."  In defining the terms frivolous and malicious, the Andrews court held, "[W]e look to their 'ordinary, contemporary, common meaning.'…Thus, a case is frivolous if it is 'of little weight or importance: having no basis in law or fact'…A case is malicious if it was filed with the 'intention or desire to harm another'". Andrews, 398 F.3d at 1121 (internal quotations and citations omitted).

///

///

The <u>Andrews</u> court further noted, "[n]ot all unsuccessful cases qualify as a strike under § 1915(g).  Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." <u>Id.</u> at 1121.  In making the determination whether a dismissal counts as a strike, it is the substance of the dismissal which is determinative, not the styling of the dismissal.  <u>El-Shaddai v. Zamora</u>, 833 F.3d 1036, 1042 (9th Cir. 2016); <u>O'Neal v. Price</u>, 531 F.3d 1146, 1153 (9th Cir. 2008).

In seeking revocation of Plaintiff's in forma pauperis status, Defendants bear the burden of establishing that Plaintiff has three or more strikes within the meaning of section 1915(g), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. <u>Andrews</u>, 398 F.3d at 1120.  "Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike…. [T]he prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status."  <u>Id.</u>

**B.      Defendants' Request for Judicial Notice**

Defendants request that the Court take judicial notice of existence and content of the court records from Plaintiff's previous civil court proceedings.  (ECF No. 17-2, Exs. 1 through 4-E.)

Pursuant to Federal Rule of Evidence 201(b), the Court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Public records, including judgments and other court documents, are proper subjects of judicial notice.  <u>See</u> <u>United States v. Black</u>, 482 F.3d 1035, 1041 (9th Cir. 2007); <u>U.S. el rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (stating that a court "may take notice of proceedings in other courts…if those proceedings have a direct relation to matters at issue"); <u>Headwaters Inc. v. U.S. Forest Serv.</u>, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of court docket in related case on the ground that materials from another proceeding in another tribunal are appropriate for judicial notice).  Therefore, the court grants Defendants' motion to take judicial notice of court documents.  (ECF No. 17-2, Exs. 1-4-E [hereinafter "RJN"].)

3

C.       **Three Strikes Under Section 1915(g)**

1.       Johnson v. Fortune, No. 1:15-cv-01613 LJO MJS

In this case, Plaintiff alleged that Defendant violated his Eighth Amendment rights by changing his prescription medication for Tylenol 3.  Johnson v. Fortune, No. 15-cv-01613 LJO MJS (E.D. Cal.); RJN Ex. 2-B.

The action was dismissed on May 11, 2016, for failure to state a cognizable claim for relief and the dismissal order specifically stated that the dismissal constituted a strike under 28 U.S.C. § 1915(g). (RJN Exs. 2-B-C.)  Accordingly, because this case concluded before May 20, 2016, the date Plaintiff filed this action, it counts as a strike for Plaintiff.

2.       Johnson v. Suter et al., No. 1:1-cv-00371-UNA

In this case, Plaintiff alleged that the Clerk of the United States Supreme Court, and his deputy, refused to process and file Plaintiff's petition for writ of certiorari and other filings.  Johnson v. Suter, No. 1-cv-00371-UNA (D.C. Cir.).  The action was dismissed on February 14, 2011, for failure to state a cognizable claim and because the Supreme Court clerks were entitled to absolute immunity from suit.  (RJN Ex. 3-B-C.)  Because this action was dismissed for failure to state a claim, it constitutes a strike under section 1915(g).  Although the Court did not explicitly state that Plaintiff's complaint was "frivolous," under section 1915(g) an action is frivolous if it lacks "an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 1827, 1831,32 (1989), and when it has "little weight or importance," Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).  This case not only failed to state a claim for relief, it was also legally frivolous because Plaintiff sued individuals who are immune from suit.  See Sindram v. Suda, 986 F.2d 1459, 1461 (D.C. Cir. 1993) ("the district court's dismissal of [Plaintiff's] complaint against both judges and clerk as frivolous and malicious was correct."). Accordingly, this case constitutes as a strike under section 1915(g).

3.       Johnson v. Suter, No. 11-5080

Plaintiff appealed the dismissal of his action in Johnson v. Suter, No. 1-cv-00371-UNA (D.C. Cir.).  See Johnson v. Suter, Court of Appeals for District of Columbia, No. 11-5080; RJN Exs. 4-A-E.

On December 16, 2011, the Court of Appeals issued a decision affirming the District Court's dismissal of Plaintiff's action and finding that the district court correctly applied absolute immunity to

4

the Defendants.  (RJN Ex. 4-B.)  Plaintiff then filed a petition for re-hearing en banc, which the Circuit summarily denied by order.  (RJN Ex. 4-C-D.)  On March 21, 2012, the panel issued a mandate affirming the district court's order dismissing Plaintiff's action.  (RJN Ex. 4-E.)

Defendants argue that Plaintiff's appeal was frivolous because the Supreme Court clerk was entitled to clear absolute immunity.  Id.  Therefore, Plaintiff's appeal, and petition for re-hearing en banc, had no arguable basis in law or fact.  (RJN Exs. 4-B-4-E.)

In order for an affirmance on appeal of a strike dismissal, the appeal itself must be dismissed as frivolous, malicious, or for failure to state a cognizable claim in order to constitute a strike.  See El-Shaddai v. Zamora, 833 F.3d at 1046.  Such was not the case in this instance.  In affirming the dismissal of Johnson v. Suter et al., No. 1:1-cv-00371-UNA as a strike under section 1915(g), the United States Court of Appeal for the District of Columbia Circuit did not dismiss the appeal as frivolous, malicious or for failure to state a cognizable claim.  (RJN Ex. 4-B.)  Simply affirming the case on appeal is not equivalent to constituting a separate and distinct strike under section 1915(g).  Defendants' argument would provide for a double strike in a single case.  Since the Court of Appeals did not find the "appeal" as frivolous, malicious, or for failure to state a cognizable claim the appeal itself does not constitute a strike.  Therefore, this appeal does not constitute a strike, and Plaintiff has suffered only two qualifying strikes under section 1915(g).  Accordingly, Defendants' motion to revoke Plaintiff's in forma pauperis status should be denied.

**III.**

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to revoke Plaintiff's in forma pauperis status be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may

///

1   result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014)

2   (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

3

4   IT IS SO ORDERED.

5   Dated:   **April 6, 2017**

6                                 UNITED STATES MAGISTRATE JUDGE